# IN THE COURT OF APPEALS OF IOWA

No. 24-0409
Filed July 2, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RODNEY DEE BROWN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Clinton County, Kimberly K. Shepherd, Judge.

Rodney Dee Brown appeals his conviction for enticing a minor. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Nan Jennisch (argued), Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven (argued), Assistant Attorney General, for appellee.

Heard by Greer, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Rodney Dee Brown appeals his conviction after a jury found him guilty of attempting to entice a minor. Because the court did not err in its jury-instruction ruling and substantial evidence supports Brown's conviction, we affirm.

## I.     *Background Facts and Proceedings.*

On April 8, 2023, thirteen-year-old L walked to Jewel Osco to purchase cleaning supplies at her father's request. While looking for the correct aisle, L noticed a man she did not know staring at her. This man was later identified as Brown. Brown mumbled something to L, which she could not hear. Leaving the first aisle, L walked through the store with Brown following her down multiple aisles. L attempted to check out when Brown appeared closely behind her. Frightened, L abandoned the checkout lane and walked through the store.

The second time L attempted to check out, Brown asked for her name. When she responded, he said, "Nice to meet you." L again left the check-out area, calling her mom, who told her to purchase the items and leave. When L returned to check out and purchase the supplies, she did not see Brown. L left the store, shaking and in tears. As she jogged across the parking lot and onto the sidewalk, Brown pulled up in a vehicle, rolled down his passenger-side window, and asked L if she needed a ride. L responded that she did not, and Brown drove in the same direction L was headed. Still on the phone with her mom, L recited Brown's license plate number to her and then ran the rest of the way home.

After interviewing both L and her mother, neither of whom knew Brown, a police officer was dispatched to Brown's residence. The officer asked Brown about "an incident at Jewel Osco." Brown acknowledged that he spoke to a "pretty young

girl" and identified L by name. He claimed not to know how young L was but ultimately acknowledged that if she was thirteen years old, his attempt to give her a ride would be inappropriate.

The State charged Brown with "attempt[ing] to entice a person reasonably believed to be under the age of sixteen" in violation of Iowa Code section 710.10(4) (2023). A jury trial occurred in February 2024, at which Brown objected to Jury Instruction No. 12. The district court denied his objection, and the jury instructions were submitted as written. The jury found Brown guilty of enticing a minor. He appeals.

## II.      Supplemental Jury Instruction.

Brown first argues that the district court committed reversible error by failing to instruct the jury on the definition of "an illegal act" in the context of Iowa Code section 710.10. Our review of non-discretionary jury instructions is for correction of errors at law. *See State v. Davis*, 975 N.W.2d 1, 8 (Iowa 2022) (citations omitted). "We review jury instructions to decide if they are correct statements of the law and are supported by substantial evidence." *State v. Liggins*, 557 N.W.2d 263, 267 (Iowa 1996). Further, "Iowa law requires a court to give a requested jury instruction if it correctly states the applicable law and is not embodied in other instructions." *Alcala v. Marriot Intern., Inc.*, 880 N.W.2d 699, 707 (Iowa 2016) (citation omitted).

Although Brown acknowledges that the term "illegal act" is not defined under Iowa Code section 710.10, he argues that the jury instruction materially misstated the law. Specifically, Brown contends that Instruction No. 12 was overly broad and should have required the jury to find Brown had the required specific intent to

commit an "unlawful sexual act," rather than just "an illegal act." But the instruction submitted to the jury aligned with the model jury instructions for enticing a minor and required the State to prove:

> 1. On or about the 8th day of April, 2023, in Clinton County, Iowa, the Defendant attempted to entice [the minor].
> 2. The Defendant did so with the specific intent to commit an illegal act upon [the minor].
> 3. The Defendant committed an overt act evidencing his purpose to entice [the minor].
> 4. At the time the Defendant attempted to entice [the minor] she was either:
>> a. a minor under the age of sixteen; or
>> b. the defendant reasonably believed [the minor] was under sixteen years of age.

*See* Iowa State Bar Ass'n, Iowa Criminal Jury Instruction 1000.12 (updated Dec. 2024). This instruction is nearly verbatim to the statute for which the jury found Brown guilty of violating:

> A person commits an aggravated misdemeanor when . . . with the intent to commit *an illegal act* upon a minor under the age of sixteen, the person attempts to entice a person reasonably believed to be under the age of sixteen.

*See* Iowa Code § 710.10(4) (emphasis added.) Instructing the jury that it must find Brown had the intent to commit an unlawful sexual act would be an incorrect statement of law. As requested, Brown's proposed instruction describes a separate, more serious offense already defined under Iowa Code section 710.10(2), which requires "intent to commit *an illegal sex act* upon . . . a minor." (Emphasis added). Because the district court's jury instructions correctly stated the law, and the jury instructions requested by Brown would materially misstate the law under which Brown was convicted, we find that the court did not err when declining to submit Brown's requested jury instruction.

### III.     Sufficiency of the Evidence.

Brown next contends that there is insufficient evidence to support his conviction, arguing the State failed to prove beyond a reasonable doubt that he acted with specific intent to commit an illegal act. "We review the sufficiency of the evidence for correction of errors at law." *State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022) (citation omitted). We are bound to the jury's verdict if it is supported by substantial evidence when that evidence is viewed "in the light most favorable to the State." *Id*.

Brown argues that the lack of direct evidence precludes the jury from reasonably inferring Brown's specific intent. To support this argument, Brown cites *State v. Quinn*, in which a statutory inference of guilt was found unconstitutional. 691 N.W.2d 403 (Iowa 2005). But while the statute itself was determined to be overly broad, the Iowa Supreme Court found that the jury is still entitled to make its own inferences about the defendant's intent based on the available evidence. *See id.* at 408 ("A fact finder could reasonably infer from all of this evidence that [the defendant] was attempting to entice away [the minor] for the purpose of performing an illegal act upon her."). And while Brown points to the lack of surveillance recordings at Jewel Osco and characterizes the State's witness testimony regarding Brown's behavior as speculative, we disagree. Brown was not required to exert verbal or physical control over L for the jury to reasonably find specific intent as he implies. Instead, "[t]he requirement of proof beyond a reasonable doubt is satisfied if it is more likely than not that the inference of intent is true." *State v. Ernst*, 954 N.W.2d 50, 57 (Iowa 2021) (citation omitted).

Given Brown's conduct throughout the incident, his attempt to entice L supports the jury's finding that he acted with the specific intent to commit an illegal act. The State presented a series of contacts that Brown made with a then-thirteen-year-old girl, to whom he was a stranger. This included Brown following L through several aisles in the store, "looking [her] up and down," approaching her several times to speak with her, asking her what her name was, continuing to follow her outside the store in his vehicle, and offering her a ride. In her testimony, L described the discomfort and fear she felt as Brown stalked her throughout and outside the store. When questioned by police later that day, Brown offered no alternative motive or intent for following L or offering to give her a ride. *See id.* at 55–56 (finding the "absence of explanation" supports a reasonable inference of intent to commit an illegal act (citation omitted)). Brown did not ask if she needed help or a ride to her home; instead, he offered her "a ride," which when coupled with his earlier stalking behavior could be inferred by a jury to be nefarious. Brown then went further when speaking to law enforcement, referring to L as "pretty" and stating that "some older petite ladies look young." Brown also acknowledged that his conduct was inappropriate in light of L's age. We find that the jury was free to make inferences about his intentions based on his actions and the lack of alternative explanation for those actions.

## IV. *Disposition.*

Because the court did not err in its jury-instructions ruling and substantial evidence supports Brown's conviction, we affirm.

**AFFIRMED.**